UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA



CHARLES L. NAIL, JR.
BANKRUPTCY JUDGE

---

FEDERAL BUILDING AND UNITED STATES POST OFFICE                    TELEPHONE: (605) 945-4490
225 SOUTH PIERRE STREET, ROOM 211                                       FAX: (605) 945-4491
PIERRE, SOUTH DAKOTA 57501-2463

September 29, 2010

Craig L. Anderson
13880 Highway 10
Elk River, Minnesota  55330-1787

Al Arendt, Esq.
Attorney for Debtors
Post Office Box 1077
Pierre, South Dakota  57501-2571

John H. Mairose, Esq.
Attorney for Farmers and Merchants State Bank of Alpha
2640 Jackson Boulevard, Suite 3
Rapid City, South Dakota  57702

    Subject:    *In re Levi Daniel Hillmer and Angela Renee Hillmer*
                       Chapter 7; Bankr. No. 10-30046

Dear Mr. Anderson, Mr. Arendt, and Mr. Mairose:

      The matter before the Court is Craig L. Anderson's letter-motion seeking a reconsideration of three orders.  This is a core proceeding under 28 U.S.C. § 157(b)(2).  This letter decision and accompanying order shall constitute the Court's findings and conclusions under Fed.Rs.Bankr.P. 7052 and 9014(c).  As set forth below, all three orders will stand as entered.

      *Summary*.  On September 1, 2010, the Court entered three orders regarding certain requests filed by Craig L. Anderson ("Anderson").  The first order (doc. 64) granted Farmers and Merchants State Bank of Alpha ("Bank") relief from the automatic stay regarding certain real property in Minnesota.  Anderson had opposed (doc. 47) Bank's motion for relief (doc. 44), claiming the property had been wrongfully obtained from his parents and was subject to a notice of *lis pendens*.  The second order (doc. 66) denied Anderson's original and amended motions (docs. 48 and 54) that sought an extension of time to file a nondischargeability complaint or a denial of discharge complaint.  The third order (doc. 67) denied a petition for sanctions (doc. 60) filed by

*Re: Hillmer*
September 29, 2010
Page 2

Anderson, in which he took issue with statements made by Debtors' bankruptcy attorney regarding the pre-bankruptcy transfers of Anderson's parents' home.

On September 9, 2010, Anderson filed a letter-motion seeking a reconsideration of these orders. As to all three orders, Anderson complained this Court had determined his position on these legal matters to be "Not Relevant" because of his present incarceration. He further indicated he would be filing a § 1983 action to revisit all these matters. Anderson also noted for the Court his inability to access legal reference materials. As to the relief from stay and denial of the extension orders in particular, Anderson continued to argue the property had been fraudulently taken from his parents, and he claimed Debtors would "walk away" with $100,000 in profit while leaving the Bank, the city where the home is located, and him to "Hold the Empty Bag."

Though Anderson did not include any citations in his letter-motion for reconsideration, the Court will consider it as having been filed under Fed.R.Civ.P. 59(e) and Fed.R.Bankr.P. 9023 since it was filed within fourteen days of entry of the orders. *See Sanders v. Clemco Industries*, 862 F.2d 161, 168-171 (8th Cir. 1988). A motion under Rule 59(e) serves the limited function of correcting manifest errors of law or fact or presenting newly discovered evidence. *United States v. Metropolitan St. Louis Sewer District*, 440 F.3d 930, 933 (8th Cir. 2006).

*Discussion*. The relief from stay and denial of sanctions orders will stand as entered. Anderson's letter-motion did not identify any manifest errors of fact or law *this* Court needs to correct. His letter-motion also failed to acknowledge two important facts. First, there is nothing in the record to suggest Debtors will take any equity from the Minnesota home with respect to which the Bank obtained relief from the automatic stay. Debtors' schedules, Bank's motion for relief from the stay, and Trustee John S. Lovald's review of the assets and liabilities (doc. 43) all indicate there is no value in that property that exceeds the mortgages against it. Moreover, Debtors have not claimed that property exempt as their homestead. If there had been any equity, it would have been retained by the bankruptcy estate for Trustee Lovald to administer.

Second, Anderson is free to pursue his claims in state court regarding the alleged fraudulent taking of the home from his parents. The bankruptcy case has no impact of those matters except Anderson cannot obtain or enforce a personal judgment for money against Debtors. There are no bankruptcy law issues for this

*Re: Hillmer*
September 29, 2010
Page 3

Court to address; all of Anderson's allegations arise from matters that happened before Debtors filed their bankruptcy. The Minnesota state courts are better suited to resolve Anderson's concerns and ensure he has his day in court. This Court is confident no one will pull the wool over those courts' eyes.

The order denying Anderson additional time to file a nondischargeability complaint or a complaint objecting to discharge will also stand as entered. As indicated in the order, Anderson did not give timely notice of his motion, and he failed to discuss the factors relevant to the granting of such extensions. In his letter-motion to reconsider, Anderson did not address or cure those deficiencies. Anderson had nearly three months to either file the necessary complaints or file and give notice of a motion for extension of time to file the complaints, showing cause therein. He did neither.

An order denying Anderson's letter-motion to reconsider will be entered.

Sincerely,

Charles L. Nail, Jr.
Bankruptcy Judge

CLN:sh

cc:   case file (docket original; serve parties in interest)

On the above date, a copy of this document was mailed or faxed to the parties shown on the attached service list.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

Craig L. Anderson
Sherburn County Jail #367
13880 Hwy 10
Elk River, MN 55330

Levi Daniel Hillmer
316 East Dakota
Apartment 2
Pierre, SD 57501

Angela Renee Hillmer
901 Springfield Parkway
Jackson, MN 56143